UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:17-cr-00264-NONE-SKO-7 |
|---|---|
| Plaintiff, | |
| v. | ORDER RESCINDING PREVIOUS ORDERS REFERRING MOTION TO FEDERAL DEFENDER'S OFFICE AND APPOINTING COUNSEL |
| JANET URIBE, | |
| Defendant. | ORDER DENYING MOTIONS TO APPOINT COUNSEL |
| | ORDER SETTING BRIEFING SCHEDULE |
| | (Doc. Nos. 244, 245, 246, 248, 249) |

It has come to the court's attention that it erroneously categorized the motion filed by defendant Janet Uribe on December 21, 2020 (Doc. No. 244), as a motion for compassionate release brought under the First Step Act and 18 U.S.C. § 3582(c)(1)(A). The court has re-evaluated the classification of that motion and believes it should instead be treated as a pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court has also evaluated defendant's requests for counsel (Doc. Nos. 245, 246) in light of the law applicable

/////

1

to § 2255 motions and finds that the appointment of counsel in relation to her § 2255 motion is inappropriate at this time.[1]

There is no constitutional right to appointment of counsel for petitioners making a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")). Appointment of counsel to represent indigent defendants is also required in § 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a § 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to

---

[1] Because the court initially treated the motion as one for compassionate release, it referred that motion to the Federal Defender's Office (FDO) pursuant to General Order 595 and set a briefing schedule. (Doc. No. 248.) Conflict counsel was appointed (Doc. No. 249), but counsel eventually declined to supplement the motion (Doc. No. 260). While General Order 595 allows for referral of compassionate release motions to the FDO (or conflict counsel), there is no parallel procedure available for motions brought pursuant to 28 U.S.C. § 2255. Instead, the court must apply the standards set forth in the body of this order.

1  appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success
2  on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the
3  complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)
4  (per curiam). *See also Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding no abuse of
5  discretion where district court denied appointment of counsel in 2255 proceeding because
6  "[a]lthough the appellant is over 60 years of age and has no background in the law, he thoroughly
7  presented his issues in the habeas petition and the accompanying memorandum of law"); *Franklin*
8  *v. United States*, No. SACR 06-0166-DOC, 2014 WL 12691082, at *2 (C.D. Cal. Sept. 16, 2014)
9  (declining to appoint counsel in 2255 proceedings where the petitioner "has demonstrated a good
10 understanding of the matter at issue on remand and 'the ability to present forcefully and
11 coherently his contentions'") (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987));
12 *Davis v. United States*, No. 1:07-CR-00255-EJL, 2016 WL 6471012, at *4 (D. Idaho Nov. 1,
13 2016) (denying appointment of standby counsel in 2255 proceeding because, *inter alia*, "record
14 clearly shows the Petitioner is able to represent himself based on his filings articulating his legal
15 and factual position/arguments"); *United States v. Mercado*, No. CR-07-2018-FVS-1, 2011 WL
16 573377, at *5 (E.D. Wash. Feb. 14, 2011) (denying appointment of counsel where "the defendant
17 has demonstrated the ability to set forth those grounds he thinks justify relief under § 2255" and
18 the parties' filings and record give the court "a reliable basis for assessing the validity of the
19 grounds asserted by the defendant").
20      The court declines to appoint counsel to assist petitioner with her § 2255 motion.  In
21 examining the situations in which appointment of counsel is mandatory, the court finds that none
22 apply to petitioner's case.  Appointment of counsel is not necessary for the effective utilization of
23 discovery procedures in this case, and the court does not find, at this time, that an evidentiary
24 hearing is required.  Similarly, the relative complexities of petitioner's case are not such that
25 denial of counsel would amount to a denial of due process: petitioner's claims are clearly
26 articulated and grounded in well-established law.  Petitioner has presented her case in a
27 straightforward manner in the papers.  "Given the information [s]he has presented … and given
28 the Court's independent review of the record, the Court has a reliable basis for assessing the

validity of the grounds" that petitioner has asserted. *Mercado*, 2011 WL 573377, at *5. Petitioner has set forth the grounds she believes warrant relief, such that denial of counsel will not deny her a fair and meaningful hearing. That petitioner believes she may benefit from the assistance of counsel is not enough to appoint one.

Accordingly, the court ORDERS that:

1. Insofar as the court's orders of March 22, 2021, (Doc. No. 248), and March 30, 2021, (Doc. No. 249), treated petitioner's motion of December 21, 2020, (Doc. No. 244), as a motion for compassionate release and referred the matter for counsel to be assigned, the court's orders are RESCINDED;
2. Having re-evaluated petitioner's motion and finding it is seeking relief under § 2255, petitioner's motions for appointment of counsel, (Doc. Nos. 245, 246), are DENIED WITHOUT PREJUDICE under the applicable standard; and
3. Briefing on the issues presented in the § 2255 motion SHALL BE as follows:
   a. The government shall file a response to petitioner's § 2255 motion by **September 27, 2021**; and
   b. Petitioner shall file a reply, if any, no later than **November 26, 2021**.

IT IS SO ORDERED.

Dated:   **July 27, 2021**

_____
UNITED STATES DISTRICT JUDGE