UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JANET URIBE,<br><br>        Defendant. | No. 1:17-cr-00264-NONE-SKO-7<br><br>ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE<br><br>ORDER SETTING NEW BRIEFING SCHEDULE<br><br>(Doc. No. 269) |

      The United States moves for a finding that movant Janet Uribe, as a result of her pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. No. 244), has waived the attorney-client privilege and the work product privilege and that the government is therefore entitled to compelled discovery of responsive attorney-client communications and work product. (Doc. No. 269.) Unless, in accordance with the instructions below, movant chooses to withdraw those portions of her § 2255 motion that allege ineffective assistance of counsel, the government's request is GRANTED as follows:

      (1)     The attorney-client privilege of movant Janet Uribe is waived with respect to all communications between movant Janet Uribe and her former attorney, Galatea

DeLapp, Esq., including Attorney DeLapp's staff and agents, concerning events and facts related to movant's claims of ineffective assistance of counsel in movant's § 2255 motion in *United States v. Janet Uribe*, No. 1:17-cr-00264-NONE-SKO (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of Attorney DeLapp, concerning events and facts related to movant's claims of ineffective assistance of counsel presented in her pending § 2255 motion.

(3) Attorney DeLapp, and Attorney DeLapp's staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in movant's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(4) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).

ALTERNATIVELY, if, in light of the above finding of waiver of these privileges, movant wishes to change her decision as to whether she wishes to proceed with her pending § 2255 motion asserting ineffective assistance of counsel claims, she must notify this court within **twenty-one (21) days** of the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in her pending motion. Movant's failure to do so within the time provided will be deemed by the court to be a confirmation of the alternative portion of this order finding movant's waiver of the attorney client and work product privileges.

FURTHER, the current briefing schedule in this matter (Doc. No. 264) states that the government's response to the pending § 2255 motion shall be filed by September 27, 2021. However, in light of this order, the time provided to movant to respond to it, and a request from the government to extend its deadline, the court rescinds its previous briefing schedule, VACATES the dates in it, and resets them as follows.

The court ORDERS that the following revised briefing schedule is issued, in the event movant chooses not to withdraw her § 2255 motion:

1. The government shall file a response to movant's § 2255 motion by <u>December 3, 2021</u>; and
2. Movant shall file a reply, if any, no later than <u>February 1, 2022</u>.

IT IS SO ORDERED.

Dated:   **September 20, 2021**

UNITED STATES DISTRICT JUDGE