**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JANET URIBE,<br><br>    Defendant. | Case No.: 1:17-cr-00264-JLT-SKO<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. 244) |

Janet Uribe is a federal prisoner moving to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Doc. 244.) The Government opposes this motion. (Doc. 301.) For the reasons explained below, the motion is **DENIED**.

**I.    Background**

On November 9, 2017, Uribe was indicted for violations of 21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Count Three); and 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine (Count Thirteen). (Doc. 62.) Uribe pled guilty to Count Thirteen on August 16, 2019. (Doc. 155 at 2; Doc. 162.) With an applicable offense level of 27 and a criminal history category V, Uribe's guideline range was between 120 and 150 months. (Doc. 198 at 7.) Chief Judge Lawrence J. O'Neill sentenced Uribe to a term of imprisonment totaling 80 months. (Doc. 227 at 2.) In her plea agreement, Uribe agreed to waive her "right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging

1

any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (Doc. 155 at 8.)

Uribe filed the instant motion on December 21, 2020. (Doc. 244.) She alleges that she received ineffective assistance of counsel because her attorney, Galatea DeLapp, (1) influenced the imposition of a longer sentence due to a statement made to the sentencing judge, and (2) failed to challenge the discrepancy in her criminal history category. (*Id.* at 5-6.) Uribe does not argue that her plea or her waiver of her appeal rights were not properly knowing or voluntary. The Government filed an opposition on April 25, 2022. (Doc. 301.) Uribe did not file a reply.

## II.     Legal Standards

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2255 motion entitles a federal prisoner to relief "[i]f the court finds that . . . there has been . . .a denial or infringement of the constitutional rights of the prisoner . . ." 28 U.S.C. § 2255(b).

Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant relief, a defendant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

As a *pro se* litigant, Uribe's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the requirement of liberal construction does not mean that the Court can ignore an obvious failure to allege facts that set forth a cognizable claim. "Conclusory allegations

which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

### III. Discussion and Analysis

Uribe claims that she received ineffective assistance of counsel because her attorney: (1) made a statement at sentencing that influenced the imposition of a longer sentence, and (2) failed to challenge the discrepancy in the Presentence Report regarding her criminal history category. (Doc. 244 at 5-6.)

#### A. Uribe waived her right to collaterally attack her sentence

Generally, an express waiver of the right to file a § 2255 petition bars a defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).[1] "Such a waiver is valid and enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rodriguez*, 49 F.4th 1205, 1212 (9th Cir. 2022) (quoting *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017)) (internal quotation marks omitted). The same analysis applies regardless of whether the waiver concerns the right to appeal or the right to collaterally attack a sentence. *Id.* at 1212 n.2.

The waiver provision in Uribe's plea agreement is valid and enforceable. First, the waiver's language expressly encompasses Uribe's claim, which states that "regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a

---

[1] However, as discussed below, "[c]laims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary . . . may not be waived." *Davies v. Benov*, 856 F.3d 1243, 1246 n.2 (9th Cir. 2017); *see also United States v. Magueflor*, 220 F. App'x 603, 604–05 (9th Cir. 2007) (clarifying that an allegation of "[i]neffective assistance *after* [defendant] signed the agreement, of course, cannot invalidate the waiver provision") (emphasis in original).

3

motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (Doc. 155 at 8.)

Second, Uribe knowingly and voluntarily waived her right to collaterally attack her sentence under § 2255. *See Davies*, 856 F.3d at 1246–47. In making this determination, courts look "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *United States v. Lo*, 839 F.3d 777, 783–84 (9th Cir. 2016). Uribe entered into her plea agreement on August 15, 2019, affirming in writing that she had

> "[R]ead this plea agreement and carefully reviewed every part of it with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

(Doc. 155 at 9-10.)

The plea colloquy between the Court and Uribe also supports a knowing and voluntary waiver. At a change of plea hearing, "[a] district court is required to inform the defendant of 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence,'" and if the district court does so, the Ninth Circuit has held that such procedure is "sufficient to find a knowing and voluntary waiver." *Lo*, 839 F.3d at 785 (citations omitted); *see also* Fed. R. Crim. P. 11(b)(1)(N). The burden rests with Uribe to establish her plea was not knowing or voluntary. *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

At her change of plea hearing, Uribe affirmed she understood the agreement's terms, had no questions when she signed the agreement or for the Court, and affirmed that no one forced or threatened her to enter the plea. The Court and Uribe engaged in the following colloquy:

> Q: I believe that in your plea agreement, you have signed the plea agreement twice. Do you remember doing that?
>
> A: Yes.
>
> Q: Those signatures to me mean that you have had a chance to review the entire document with the help of your lawyer, and that if you had questions, you asked her, she answered to your satisfaction. You don't have any more questions about the plea agreement?

4

1         A: No, I do not.

2         Q: Is that what those two signatures mean to you also?

3         A: Yes.

4         . . .

5         Q: Do you have any questions at all?

6         A: No.

7         . . .

8         Q: Is anybody forcing you or threatening you in any way to get you to do this?

9

10         A: No.

11         . . .

12         THE COURT: Court accepts the knowing, intelligent, and voluntary waiver of rights, knowing, intelligent, and voluntary change of plea . . .

13

14 (Doc. 267 at 3:5-16; 5:2-3; 5:22-23; 7:18-20.) This colloquy sufficiently establishes that Uribe

15 knowingly and voluntarily entered into her plea agreement, thereby waiving her right to collaterally

16 attack her conviction and sentence. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (The

17 representations of the defendant at a plea hearing constitute "a formidable barrier in any subsequent

18 collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *see*

19 *also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("[s]tatements made by a defendant

20 during a guilty plea hearing carry a strong presumption of veracity").

21     Finally, Uribe does not present any evidence—or argument—that she did not understand the

22 terms of the plea agreement or otherwise did not enter the agreement knowingly and voluntarily.

23 Therefore, Uribe has failed to carry her burden. *See Little*, 449 F.3d at 1080. Accordingly, the Court

24 concludes that Uribe's waiver by way of plea agreement of her right to collaterally attack her

25 conviction and sentence is enforceable.

26     **B.**    **Uribe's IAC claims are waivable**

27     As noted in footnote 1 above, claims of ineffective assistance of counsel that concern the

28 voluntary and knowing nature of a guilty plea cannot be waived. *Davies*, 856 F.3d at 1246 n.2.

5

However, and significantly, Uribe's claims do not concern her plea or whether she entered into the plea agreement knowingly and voluntarily. Likewise, she does not contest the validity or scope of her waiver. *United States v. Kinard*, 807 F. App'x 727 (9th Cir. 2020); *see also United States v. Garcia*, 2019 WL 1979920, at *5 (E.D. Cal. May 3, 2019) (barring a claim that pertained to defendant's sentence and not the validity of his plea).

The waiver in the plea agreement of her right to appeal from or collaterally attack her sentence encompasses both claims asserted in the pending motion. (Doc. 244.) Uribe claims that she received ineffective assistance because attorney DeLapp told the Court *at sentencing* that "[Uribe] said she would not feel comfortable doing any less time then [sic] her son."[2] (*Id*. at 5.) According to Uribe, she felt like this statement influenced Judge O'Neill to "give [Uribe] more time." (*Id*.) Uribe also claims that "Mrs. DeLapp did not fight for my points to be lowered they are more then [sic] 10 years old." (*Id.* at 6.) What claim Uribe intends to assert is not entirely clear and Uribe failed to file a reply or any supplemental facts. However, the Government clarified that this claim concerns Mrs. DeLapp's failure to object to a discrepancy in Uribe's criminal history category as stated in the PSR.

The Court need not reach the merits of Uribe's claim nor the Government's remaining arguments. (*See* Doc. 301.) Both claims pertain to alleged ineffective assistance that occurred after Uribe entered her plea agreement; they directly challenge her sentence. These actions, therefore, could not have rendered her plea involuntary. *Davies*, 856 F.3d at 1246 n.2. Because these are collateral attacks on Uribe's sentence that may be waived by a plea agreement, they cannot be litigated through a § 2255 motion and are thus barred. *United States v. Magueflor*, 220 F. App'x 603, 604–05 (9th Cir. 2007); *see also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (indicating that "an ineffective assistance claim related only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the plea agreement" itself, cannot be challenged under § 2255 if there is a valid waiver); *United States v. Malauulu*, 2020 WL 3642611, at *3 (E.D. Cal. July 6, 2020) ("[A] general waiver waives the right to bring an ineffective assistance of counsel challenge except insofar as the ineffective assistance taints the voluntariness of the plea itself.") (citing *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005)); *United States v. Ortiz*, 2019 WL 6727565, *3 (E.D. Cal. Dec. 11, 2019) (finding

---

[2] Uribe's son, a co-defendant, was sentenced to 70 months. (Doc. 181.)

6

defendant waived his ineffective assistance of counsel claims about counsel's failure to argue for the applicability of the safety valve at sentencing because the conduct "occurred after execution of the plea agreement, which contained the waiver of the right to collaterally attack").

Uribe has not rebutted the presumption of validity accorded to her plea agreement or alleged ineffective assistance of counsel to undermine her ability to enter the agreement voluntarily and knowingly. Accordingly, the binding waivers contained therein bar Uribe's claims. *See Abarca*, 985 F.2d at 1014; *see also Ortiz*, 2019 WL 6727565 at \*3.

**IV.   Conclusion and Order**

Based upon the foregoing, Janet Uribe's § 2255 motion (Doc. 244) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 29, 2022**

UNITED STATES DISTRICT JUDGE